LOUIS DUPARQUET AND ANOTHER, RESPONDENTS, v. HERMAN KNUBEL, APPELLANT.

*Parol evidence of an independent agreement not contained in a written instrument — when admissible.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the price of a range placed by John G. Armour in May, 1873, in a hotel owned by the defendant,

known as the Central Park Hotel. Armour leased the hotel property from the defendant and soon after became dissatisfied with it, and made an arrangement by which he surrendered the premises, together with the range and other things to the defendant. At that time he was indebted to the plaintiffs for the purchase-price of the range. The surrender of the premises themselves was made in writing, and it was stated to have been based upon the consideration of one dollar and other considerations thereunto moving the tenant. The instrument executed, related by its terms only to the surrender of the leasehold premises. As part of the consideration inducing it, evidence was given tending to show that the defendant obligated himself to pay to the tenant the sum of $200, and also to pay to the plaintiffs the debt owing to them for the price of the range.

The court at General Term said : " As no provision was inserted in the instrument, by which the surrender of the premises was made, for the disposition of the range, it was entirely consistent with all that was contained in it to show the existence of the agreement alleged to have been made for the payment to the plaintiffs. This was a new subject-matter in no way whatever affected by or alluded to in the written agreement, and in no respect in conflict with any stipulation or recital contained in it. For that reason the plaintiffs were at liberty to show as they endeavored to do by oral evidence, the existence of the agreement forming the basis of their recovery in this action. Parol evidence may always be given under such circumstances for the purpose of proving a separate and incidental agreement, relating to matters neither contained in nor alluded to by the terms of a cotemporaneous writing." (*Morgan* v. *Griffith*, Law Repts., 6 Exch., 70 ; *Pym* v. *Campbell*, 6 E. & B., 370 ; *Lindley* v. *Lacey*, 17 Com. Bench [N. S.], 585 ; *Allen* v. *Pink*, 4 M. & W., 142 ; *Angell* v. *Duke*. Law Repts., 10 Queens B., 174 ; *Butler* v. *Smith*, 35 Miss., 463 ; *Miller* v. *Henderson*, 10 Sergt. & Rawle, 290 ; *Unger* v. *Jacobs*, 7 Hun, 220 ; *Brewers Fire Ins. Co.* v. *Burger*, 10 id., 56 ; *Lewis* v. *Seabury*, 74 N. Y., 409.)

As the evidence which was received was admissible in the case, and it directly tended to establish the making of the agreement relied upon by the plaintiffs, there was sufficient disclosed by it, if it should be credited by the jury, to render the defendant liable.

(*Burr* v. *Beers*, 24 N. Y., 178; *Lawrence* v. *Fox*, 20 id., 268; *Hutchings* v. *Miner*, 46 id., 456.)

*Isaac L. Egbert*, for the appellant.

*Frank J. Dupignac*, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.